UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FREYDI RAFAEL MEJIA ARIAS, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | |
| ANTONE MONIZ, Superintendent, Plymouth County Correctional Facility; PATRICIA HYDE, Field Office Director; MICHAEL KROL, HIS New England Special Agent in Charge; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; TODD LYONS, Acting Director U.S. Immigrations and Custom Enforcement; U.S. DEPARTMENT OF HOMELAND SECURITY; PAMELA BONDI, U.S. Attorney General; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; and KRISTI NOEM, U.S. Secretary of Homeland Security, | * | Civil Action No. 1:25-cv-13019-IT |
| Respondents. | * | |

MEMORANDUM & ORDER

October 27, 2025

TALWANI, D.J.

Pending before the court is Petitioner Freydi Rafael Mejia Arias's Petition for Writ of Habeas Corpus [Doc. No. 1]. For the reasons explained below, the Petition is GRANTED.

**I.    Background**

Petitioner is a native and citizen of the Dominican Republic. Pet. ¶ 16 [Doc. No. 1]. He has resided in the United States since November 19, 2023, when he entered the country without inspection. Id. ¶ 46; Keith Chan Decl. ¶ 6 [Doc. No. 6-1]. On or about the same day, he was charged as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i), and in February 2024, the Chelmsford Immigration Court initiated removal proceedings against him. Keith Chan Decl.

¶¶ 7–8 [Doc. No. 6-1]. On October 10, 2025, U.S. Immigration and Customs Enforcement ("ICE") detained him, purportedly pursuant to 8 U.S.C. § 1225. Id. ¶ 10.[1] On October 15, 2025, he filed the pending Petition for Writ of Habeas Corpus [Doc. No. 1] with this court, asserting that he is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a).

On October 20, 2025, Respondents filed an Abbreviated Response asserting, inter alia, that Petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2) because he is an "applicant for admission" despite already residing in the United States at the time of his detention; and pursuant to 8 U.S.C. § 1226(c)(1)(E) because he was arrested for the crime of shoplifting by concealing merchandise. Resp't Abbrev. Resp. 3 [Doc. No. 6]. However, "Respondents concede that this Court's recent decision in Doe v. Moniz[, __ F. Supp. 3d __, 2025 WL 2576819 (D. Mass. Sept. 5, 2025)] and its legal analysis of 8 U.S.C. § 1225(b)(2) and 8 U.S.C. § 1226, as well as 8 U.S.C. § 1226(c)(1) (the 'Laken Riley Act'), substantially controls this case." Id. at 1; see also id. at 3 ("Respondents concede that this case is materially indistinguishable in relevant part from Doe, in which this Court held that § 1225 did not govern petitioner's detention and that the Laken Riley Act did not permit mandatory detention where the alien had been merely arrested for shoplifting."); id. at 3 n.5 ("Respondents submit that the Court's decision in Doe is dispositive here."). Respondents advised the court that a custody redetermination hearing was scheduled for October 23, 2025. Keith Chan Decl. ¶ 11 [Doc. No. 6-1].

On October 23, 2025, the immigration court held the bond hearing. Pet. Reply 2 [Doc. No. 7]. At that hearing, Petitioner presented as part of his evidence Respondents' Abbreviated Response here, where Respondents "acknowledg[ed] this Court would likely find Petitioner

---

[1] Respondents assert that Petitioner was first arrested by the Cambridge "Police Department," see id. ¶ 9, but identify no records, such as an arrest report from the arresting officer or copies of any charges filed in a state or local proceeding, as the source of this information.

2

would not be subject to mandatory detention under 8 U.S.C. § 1225(b)(2)." Id.; see also Supp.

Evidence for Bond Redetermination Request [Doc. No. 7-1]. Petitioner states that the

Department of Homeland Security argued at that hearing that "there was no final order from this

Court, so the Petitioner was still subject to mandatory detention." Pet. Reply 2 [Doc. No. 7]. The

immigration judge denied Petitioner's request for custody redetermination, finding that Petitioner

"is subject to mandatory detention." See Order of Immigration Judge at CM/ECF p. 10 [Doc. No.

7-1].

## II.    Discussion

Nothing in the record indicates that Mejia Arias, who has resided in the country since

2023, may be detained under 8 U.S.C. § 1225(b)(2) rather than 8 U.S.C. § 1226(a). The court

finds the reasoning in Doe v. Moniz, which Respondents concede "substantially controls this

case[,]" Resp't Abbrev. Resp. 1 [Doc. No. 6], remains correct. The Board of Immigration

Appeals' decision in Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), is unpersuasive

and does not change the analysis. See Elias Escobar, 2025 WL 2823324, at *3 (D. Mass. Oct. 3,

2025) (citing cases reaching the same conclusion).

As to the contention that Mejia Arias is subject to mandatory detention without a bond

hearing under 8 U.S.C. § 1226(c)(1)(E) based on his arrest for shoplifting and nothing more, Doe

is also controlling. See Doe, 2025 WL 2576819 at *6, 8–11 (finding detention without a bond

hearing based solely on an arrest to violate due process under the United States Constitution).

## III.    Conclusion

Accordingly, the Petition for Writ of Habeas Corpus [Doc. No. 1] is GRANTED as

follows. No later than November 3, 2025, Mejia Arias must be provided a bond hearing pursuant

to 8 U.S.C. § 1226 or, if the immigration judge declines to conduct a bond hearing based on

<u>Matter of Yajure Hurtado</u>, 29 I&N Dec. 216 (BIA 2025), the Laken Riley Act, or any other ground, Respondents shall so advise the court by that date so that this court may conduct the bond hearing. Any decision by the immigration judge to retain Mejia Arias in custody following a bond hearing pursuant to 8 U.S.C. § 1226 shall set forth the reasons for the continued detention.

IT IS SO ORDERED.

October 27, 2025                                      /s/ Indira Talwani
                                                     United States District Judge